NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1184-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

VERNON L. SIMMONS,

 Defendant-Appellant.
________________________________

 Submitted July 6, 2017 – Decided July 19, 2017

 Before Judges Yannotti and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Burlington County, Indictment
 No. 84-05-0329.

 Vernon L. Simmons, appellant pro se.

 Scott A. Coffina, Burlington County
 Prosecutor, attorney for respondent (Jennifer
 B. Paszkiewicz, of counsel and on the brief).

PER CURIAM

 Defendant Vernon L. Simmons appeals from amended judgments

of conviction (JOC) entered by the Law Division on March 25, 2015

and September 30, 2015, which corrected errors in the original JOC

dated February 22, 1985. We affirm.
 Following a seven-day trial, a jury convicted defendant of

two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2)

(counts one and two),1 and unlawful possession of a handgun,

N.J.S.A. 2C:39-5(b) (count three). State v. Simmons, No. A-3370-

84 (App. Div. January 23, 1987) (slip op. at 1), certif. denied,

107 N.J. 628 (1987). The trial court sentenced defendant to

concurrent life terms on counts one and two, with a thirty-year

period of parole ineligibility on each count, and to a five-year

concurrent term on count three. Id. at 1-2.

 On direct appeal, we affirmed defendant's convictions. Id.

at 4. However, we held that defendant's two murder convictions

should have been merged by the trial court at the time of

sentencing. Ibid. Therefore, we merged the two convictions,

vacated "the concurrent term imposed for [the] second murder

conviction[,]" and "remanded for correction of the [JOC]." Ibid.

In all other respects, we affirmed defendant's sentence.2

1
 There was only one victim. The indictment charged defendant
with purposely causing the victim's death or serious bodily injury
resulting in death under count one, and with knowingly causing the
victim's death or serious bodily injury resulting in death under
count two.
2
 Over the course of the next twenty-six years, defendant filed
four unsuccessful petitions for post-conviction relief in our
state courts. See State v. Simmons, No. A-3489-09 (App. Div. May
19, 2011) (slip op. at 3-5) (summarizing the petitions), certif.
denied, 209 N.J. 596 (2012). Defendant also filed several

 2 A-1184-15T4
 Unfortunately, the trial court did not issue a corrected JOC.

However, as a result of a request for clarification from the Parole

Board regarding the merger of counts one and two in connection

with defendant's first application for parole, a trial judge

reviewed our January 23, 1987 decision on defendant's direct

appeal, and issued an amended JOC on March 25, 2015. In pertinent

part, the amended JOC stated:

 The [JOC] and Order for Commitment dated
 February 22, 1985 remains in FULL FORCE and
 EFFECT except for the following correction:

 1. Per Appellate Decision from January 23,
 1987, Counts 1 and 2 are merged and the
 concurrent term imposed for a second murder
 conviction is vacated.

 However, under the heading "Total Custodial Term" at the

bottom of the first page of the JOC, the trial court mistakenly

wrote "030 Years 00 Months 000 Days[.]" This entry was plainly

incorrect because defendant had been sentenced to a life term,

with a thirty-year period of parole ineligibility, and not to a

thirty-year term as now reflected in the March 25, 2015 amended

JOC.

unsuccessful petitions for a writ of habeas corpus in the federal
courts. See Simmons v. Lagana, Civ. No. 12-2237 (RBK) (D.N.J.
August 26, 2013) (slip op. at 1-6) (summarizing the petitions).

 3 A-1184-15T4
 Subsequently, this error was brought to the trial judge's

attention and, on September 30, 2015, the judge entered a new

corrected JOC. In pertinent part, this JOC stated:

 The Judgment[s] of Conviction[] and Orders for
 Commitment dated February 22, 1985 and [March
 25, 2015] remain[] in full force and effect
 except for the following correction:

 1. The original sentence should have read –
 the Defendant is sentenced to life in prison;
 30 years without parole. This sentence has
 not changed per the Decision of the Appellate
 Division.

 Following the entry of the new JOC, defendant filed his

current appeal. Defendant contends that once the trial court

issued the March 25, 2015 amended JOC mistakenly stating that his

total term was thirty years, rather than life in prison with thirty

years of parole ineligibility, the court was barred from correcting

this error and he should have been released from prison because

he had served thirty years of his sentence. Specifically,

defendant contends:

 POINT 1

 SENTENCE OF SEPTEMBER 30, 2015 WAS ILLEGAL AND
 NOT IMPOSED ACCORDING TO LAW IN VIOLATION OF
 STATE LAW AND DEFENDANT'S DUE PROCESS RIGHTS
 UNDER STATE & FEDERAL CONSTITUTIONS.
 THEREFORE IT MUST BE THROWN-OUT AND AMENDED
 SENTENCE OF MARCH 25, 2015 REINSTATED WITH THE
 IMMEDIATE RELEASE OF DEFEN[D]ANT.

 4 A-1184-15T4
 Having considered defendant's contentions in light of the

record and the applicable law, we conclude that that they are

without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(2). We add the following brief comments.

 Over fifty years ago, our Supreme Court held that errors in

sentencing a defendant may be corrected under Rule 1:13-1 without

violating the protection against double jeopardy. State v.

Matlack, 49 N.J. 491, 501-02, cert. denied, 389 U.S. 1009, 88 S.

Ct. 572, 19 L. Ed. 2d 606 (1967). Rule 1:13-1 provides:

 Clerical mistakes in judgments, orders or
 other parts of the record and errors therein
 arising from oversight and omission may at any
 time be corrected by the court on its own
 initiative on the motion of any party, and on
 such notice and terms as the court directs,
 notwithstanding the pendency of an appeal.

 Here, the March 25, 2015 amended JOC was clearly incorrect

because, as specifically held in our decision on direct appeal,

defendant was sentenced to life in prison, with a thirty-year

period of parole ineligibility, and not to a thirty-year term as

reflected in the amended JOC. Contrary to defendant's argument,

the trial court was not barred from correcting this mistake. As

the Court stated in Matlack:

 No fundamental right of [a] defendant will be
 violated if an inadvertent clerical-type error
 is corrected, and he [or she] receives the
 sentence which the trial judge intended him
 [or her] to receive. The protection against

 5 A-1184-15T4
 double jeopardy bars double punishment for the
 same conviction, but does not prevent
 correction of a clerical error so that the
 sentence actually intended by the initial
 exercise of judicial discretion may be given
 a defendant. The Constitution does not
 prevent correction of inadvertent errors in
 sentencing.

 [Matlack, supra, 49 N.J. at 502.]

 Thus, the trial court properly corrected the error in the

March 25, 2015 JOC by issuing the September 30, 2015 JOC, which

set forth defendant's proper sentence. R. 1:13-1.

 Affirmed.

 6 A-1184-15T4